## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MI COCINA, LTD.,

     Plaintiff,

        V.

MI COCINA, INC. and
MI COCINA EXPRESS, INC.,

     Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, MI COCINA, LTD., by its undersigned attorneys, in support of its Complaint against Defendants MI COCINA, INC. and MI COCINA EXPRESS, INC., alleges and states as follows:

### I.

### PARTIES

1.     Plaintiff, MI COCINA, LTD. (hereinafter "Plaintiff" or "MI COCINA"), is a Texas limited partnership whose general partner is M Crowd Restaurant Group, Inc.

2.     Defendant, MI COCINA, INC. (hereinafter "MCI"), is a corporation organized under the laws of the state of Colorado with its principal place of business located at 1600 West Belleview, Littleton, Colorado 80120.

3.     Defendant MI COCINA EXPRESS, INC. (hereinafter "MCEI") is a corporation organized under the laws of the state of Colorado with its principal place of business located at 137 W. Countyline Road, Littleton, Colorado 80120.

## II.

### JURISDICTION AND VENUE

4.      This is a Complaint for violations of §§ 32 and 43 of the Lanham Act, 15 U.S.C. § 1114(1) (Trademark Infringement), 15 U.S.C. § 1125(a) (False Designation of Origin, Unfair Competition), 15 U.S.C. § 1125(c) (Dilution), and for other claims arising under Colorado state law.

5.      The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6.      The Court has personal jurisdiction over defendant MCI because MCI is a corporation organized under the laws of the state of Colorado, and because MCI has infringed MI COCINA's trademark registration in this district.

7.      The Court has personal jurisdiction over defendant MCEI because MCEI is a corporation organized under the laws of the state of Colorado and because MCEI has infringed MI COCINA's trademark registration in this district.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this claim occurred, and continue to occur, in this district.

### III.

### PLAINTIFF'S "MI COCINA" TRADEMARK

9.      Plaintiff is, and at all times mentioned in this Complaint has been, engaged in the business of providing Mexican food restaurant services, presently including fifteen (15) restaurants doing business under the name "Mi Cocina".  Plaintiff's "Mi Cocina" restaurants have continuously operated under the "Mi Cocina" trademark beginning at least as early as March 1991, and have achieved enormous success based on the quality of its food and service. Plaintiff has expended large sums of money, resources, and time to establish the valuable

business and goodwill in the use of its "Mi Cocina" trademark. As a result of the success of Plaintiff's "Mi Cocina" restaurants, Plaintiff's customers and the public have come to identify the mark "Mi Cocina" with Plaintiff's excellent Mexican food and service, and Plaintiff enjoys significant goodwill throughout the general public.

10.     Plaintiff is the owner of the "Mi Cocina" trademark registered on the Principal Register of the United States Patent and Trademark Office for restaurant services as evidenced by Registration No. 2,315,142. Registration No. 2,315,142, issued February 8, 2000, is valid and is in full force and has become incontestable. A copy of Registration No. 2,315,142, and a copy of the Notice of Acknowledgment regarding incontestable status, are attached to this complaint as Exhibit A and are incorporated herein by reference. Plaintiff is also the registered owner of a number of stylized forms of the "Mi Cocina" mark including, but not necessarily limited to, Registration Nos. 2,315,143 and 2,315144, copies of which are attached hereto as Exhibit B and incorporated herein by reference, and both of which also enjoy incontestable status.

11.     The foregoing registrations constitute conclusive evidence of the validity of the marks and registrations, and of MI COCINA's exclusive, nationwide right to use the "Mi Cocina" mark in connection with the services set forth in the registrations. The registrations also provide constructive notice of MI COCINA's ownership of the "Mi Cocina" mark.

12.     MI COCINA has established a reputation in the territory in which MCEI and MCI are utilizing MI COCINA's mark, and/or there is a likelihood of entry by MI COCINA into the territory in which MCEI and MCI are utilizing MI COCINA's trademark.

## IV.

## DEFENDANTS' UNLAWFUL CONDUCT

13.     Plaintiff is informed and believes, and thereon alleges, that after Plaintiff began using the "Mi Cocina" trademark in connection with its Mexican food restaurant services, and after Plaintiff acquired the federal trademark registration for the "Mi Cocina" mark in connection

with restaurant services, that Defendant MCI improperly began utilizing Plaintiff's "Mi Cocina" trademark by operating a Mexican food restaurant under the same or similar name of "Mi Cocina Mexican Restaurant" and/or simply "Mi Cocina". Defendant MCI is further utilizing Plaintiff's "Mi Cocina" trademark in internet advertising.

14.    Plaintiff is informed and believes, and thereon alleges, that after Plaintiff began using the "Mi Cocina" trademark in connection with its Mexican food restaurant services, and after Plaintiff acquired the federal trademark registration for the "Mi Cocina" mark in connection with restaurant services, that Defendant MCEI improperly began utilizing Plaintiff's "Mi Cocina" trademark by operating a Mexican food restaurant under the same or similar name of "Mi Cocina Express" and/or simply "Mi Cocina". Defendant MCEI is further utilizing Plaintiff's "Mi Cocina" trademark in internet advertising.

15.    Plaintiff, through its counsel, has informed both Defendants that Plaintiff owns the exclusive right to use the "Mi Cocina" trademark for restaurant services, and that Defendants' use of Plaintiff's "Mi Cocina" trademark is likely to cause confusion among customers, and, in fact, has caused actual confusion.    Despite Plaintiff's demands that Defendants cease all use of Plaintiff's "Mi Cocina" trademark in connection with Defendants' Mexican food restaurants, Plaintiff is informed and believes, and thereon alleges, that Defendants have intentionally failed to stop using Plaintiff's trademark.

## V.

## CLAIMS

### First Cause of Action Against Defendants MCI and MCEI

(Trademark Infringement, 15 U.S.C. § 1114 (Lanham Act § 32))

16.    Plaintiff incorporates herein by reference each of the allegations set forth in paragraphs 1 through 15 above as though fully set forth herein.

17.     Defendants' use in commerce of Plaintiff's "Mi Cocina" trademark has caused, and is likely to continue to cause, confusion with respect to the source and origin of Plaintiff's services, and has caused, and is likely to continue to cause, confusion or mistake, and to deceive consumers as to the affiliation, connection, or association of Plaintiff with Defendants.

18.     On February 8, 2000, Plaintiff obtained the federal registration for its "Mi Cocina" trademark with the United States Patent and Trademark Office and, on or about March 23, 2006, further obtained incontestable status for its "Mi Cocina" trademark from the United States Patent and Trademark Office. Pursuant to this Certificate of Registration and incontestable status, Plaintiff owns the exclusive right to use the "Mi Cocina" mark for restaurant services throughout the United States.

19.     Defendants' acts constitute infringement of Plaintiff's "Mi Cocina" trademark in violation of Plaintiff's rights under 15 U.S.C. § 1114 (Lanham Act § 32).

20.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, damage to its business reputation and goodwill.  Defendants will continue, unless restrained, to use the "Mi Cocina" trademark, or marks confusingly similar thereto, and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law, and is entitled to an injunction restraining Defendants, their representatives, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of trademark infringement.

21.     Plaintiff is further entitled to recover from Defendants Plaintiff's actual damages sustained as a result of Defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of trademark infringement.

22.     Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of Defendants' wrongful acts.  Plaintiff is

presently unable to ascertain the full extent of the gains, profits and advantages Defendants have realized by reason of Defendants' acts of trademark infringement.

23.     Upon information and belief, Defendants acts of infringement have been willful and deliberate.  Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of treble damages under 15 U.S.C. § 1117.

24.     Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## Second Cause of Action Against Defendants MCI and MCEI

(False Designation of Origin, 15 U.S.C. § 1125(a) (Lanham Act § 43(a))

25.     Plaintiff incorporates herein by reference each of the allegations set forth in paragraphs 1 through 24 above as though fully set forth herein.

26.     Defendants' actions constitute false designation of origin in violation of 15 U.S.C. § 1125(a).

27.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, damage to its business reputation and goodwill.  Defendants will continue, unless restrained, to use the "Mi Cocina" trademark, or marks confusingly similar thereto, and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law, and is entitled to an injunction restraining Defendants, their representatives, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of false designation of origin.

28.     Plaintiff is further entitled to recover from Defendants its actual damages sustained as a result of Defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of false designation of origin.

29.     Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of Defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by reason of its acts of false designation or origin.

30.     Upon information and belief, Defendants' acts of infringement have been willful and deliberate. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of treble damages under 15 U.S.C. § 1117.

31.     Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

### Third Cause of Action Against Defendants MCI and MCEI

(Dilution, 15 U.S.C. §1125(c) and §1127, Lanham Act § 43(c))

32.     Plaintiff incorporates herein by reference each of the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

33.     The "Mi Cocina" trademark is inherently distinctive and has acquired distinction from other marks through Plaintiff's long and continuous use of the "Mi Cocina" trademark, the geographical scope and extent of Plaintiff's advertising and sales, the media publicity and exposure of the "Mi Cocina" trademark, and its consumer recognition.

34.     The "Mi Cocina" trademark is famous and distinctive, and at a minimum, is famous within the restaurant industry.

35.     Defendants' activities complained of in this Complaint constitute unauthorized use in commerce of the "Mi Cocina" trademark.  On information and belief, Defendants' activities were conducted with full recognition of Plaintiff's use of the "Mi Cocina" trademark, and were commenced after the "Mi Cocina" trademark had become famous.  Such activities have caused, and will continue to cause, dilution of the distinctive quality of the "Mi Cocina" trademark by lessening the capacity to identify and distinguish Plaintiff's "Mi Cocina" restaurant

services, and by tarnishing Plaintiff's "Mi Cocina" restaurants' reputation, to the damage and harm of Plaintiff, its customers, and the public, in violation of the 15 U.S.C. §1125(c).

36.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, dilution of its "Mi Cocina" trademark.  Defendants will continue, unless restrained, to use the "Mi Cocina" trademark, or marks confusingly similar thereto, and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law, and is entitled to an injunction restraining Defendants, their representatives, agents, and employees, and all persons acting in concert with Defendants, from engaging in further acts of dilution.

37.     Plaintiff is informed and believes, and thereon alleges, that Defendants committed the acts alleged above: (1) with previous knowledge of Plaintiff's prior use of the "Mi Cocina" trademark; (ii) with the willful intent to trade on Plaintiff's goodwill and reputation; and (iii) with the willful intent to cause dilution of the "Mi Cocina" trademark. Because of the willful nature of Defendants' wrongful acts, Plaintiff is entitled to an award of treble damages under 15 U.S.C. § 1117.

38.     Plaintiff is further entitled to recover from Defendants its actual damages sustained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of dilution.

39.     Plaintiff is further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of Defendants' wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the gains, profits, and advantages Defendants have realized by reason of Defendants' acts of dilution.

40.     Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to § 1117.

\ \ \ \

## Fourth Cause of Action Against Defendants MCI and MCEI

(Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et. seq.*)

41.     Plaintiff incorporates herein by reference each of the allegations set forth in paragraphs 1 through 40 above as though fully set forth herein.

42.     The State of Colorado has an important interest in ensuring that persons and entities doing business with Colorado residents fully comply with Colorado laws, and Defendants' practices significantly impact the public as actual or potential consumers of Defendants' and Plaintiff's services.

43.     Upon information and belief, the conduct complained of herein is a deceptive trade practice, *inter alia*, in that Defendants knowingly made false representations as to the source, sponsorship, approval, or certification of services; and knowingly make false representations as to affiliation, connection, or association with, or certification, by another.

44.     Upon information and belief, the conduct of Defendants described herein occurred, and is occurring, in the course of Defendants' business, vocation, or occupation, and is part of a pattern, or generalized course, of conduct.

45.     Upon information and belief, Defendants engaged, and continue to engage, in these activities knowingly, willfully, and deliberately.

46.     Plaintiff has been directly and proximately injured in its business and property by the Defendants' conduct complained of herein, in violation of Plaintiff's rights under C.R.S. § 6-1-105.

47.     Defendants' violations of C.R.S. § 6-1-105 have caused Plaintiff to sustain monetary damages, loss, and injury, in an amount to be determined at the time of trial.

48.     In addition, pursuant to C.R.S. § 6-1-113, Plaintiff is entitled to treble damages, attorneys' fees and costs of suit, all in amounts to be determined in accordance with the proof at trial.

49.     Defendants' violations of C.R.S. § 6-1-105, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss, and injury, for which Plaintiff has no adequate remedy at law.

## VI.

## DEMAND FOR JURY TRIAL

50.     Plaintiff hereby demands a trial by jury on all triable issues.

## VII.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that:

1.     Defendants be held to have infringed Plaintiff's "Mi Cocina" trademark, to have engaged in unfair competition, and to have diluted the distinctive quality of the "Mi Cocina" mark;

2.     Defendants, and their representatives, agents, and employees, and all holding by, through, or under Defendants, or in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action, and permanently thereafter, from:

(a)     promoting, advertising, publicizing, offering for sale, or operating any restaurant using the "Mi Cocina" trademark, or any other mark, name, symbol, or logo that incorporates, or that is confusingly similar or substantially similar to, the "Mi Cocina" trademark;

(b)     promoting, advertising, publicizing, offering for sale, or operating any restaurant using the "Mi Cocina" trademark, or any other mark, name, symbol, or logo that incorporates the "Mi Cocina" trademark, or that is likely to cause confusion, or to cause mistake, or to deceive persons into the belief that Defendants' services originate from Plaintiff, that Defendants or its services are authorized by Plaintiff, endorsed by

Plaintiff, sponsored or licensed by Plaintiff, or connected in some way with Plaintiff or its trademarks;

(c)     using false designations of origin, or engaging in any act, or series of acts, that, either alone or in combination, constitutes unfair methods of competition with Plaintiff, and from otherwise interfering with, or injuring, the "Mi Cocina" trademark or the goodwill associated therewith;

(d)     doing any other act or thing likely to diminish or debilitate the selling power of or to otherwise dilute the distinctive quality of, Plaintiff's "Mi Cocina" trademark, or to injure the business reputation of Plaintiff's "Mi Cocina" trademark.

3.     Defendants be required to deliver up for destruction all products, advertisements, promotional materials, business cards, stationary, or other materials in Defendants' custody, possession, or control bearing the "Mi Cocina" trademark, or any other trademarks, names, or logos that are confusingly similar or substantially similar to the "Mi Cocina" trademark;

4.     Defendants be required to pay to Plaintiff all damages Plaintiff has suffered by reason of Defendants' use of Plaintiff's "Mi Cocina" mark;

5.     Defendants be required to account for, and to pay to Plaintiff, all profits wrongfully derived by Defendants through Defendants' use of Plaintiff's "Mi Cocina" mark;

6.     Defendants be required to pay to Plaintiff three times Defendants' profits or Plaintiff's damages, whichever is greater, as a result of Defendants' deliberate and willful conduct;

7.     Defendants be required to pay to Plaintiff its costs of suit and its reasonable attorneys' fees and disbursements incurred herein;

8.     An award of prejudgment and post-judgment interest;

9.     Such other and further relief to which Plaintiff may be entitled.

Dated: March _____22_____, 2010

Respectfully Submitted,

BENENATI LAW FIRM, PC
2816 Bedford Road
Bedford, Texas 76021-5919
Phone: (817) 267-4529
Fax: (817) 684-9000
dcarman@benenatilaw.com
eribman@benenatilaw.com

By: _____
David A. Carman, Esq.

By: _____
Elana M. Ribman, Esq.


Attorneys for Plaintiff,
Mi Cocina, Ltd.

# EXHIBIT A

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

Reg. No. 2,315,142

## United States Patent and Trademark Office

Registered Feb. 8, 2000

### SERVICE MARK
### PRINCIPAL REGISTER

## MI COCINA

MICO PRESTON FOREST LTD. (TEXAS LIMIT-
ED PARTNERSHIP)
11661 PRESTON ROAD, SUITE 138
DALLAS, TX 75230

FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CLS. 100 AND 101).

FIRST    USE    3-0-1991;    IN    COMMERCE
3-0-1991.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "COCINA", APART FROM THE
MARK AS SHOWN.

THE ENGLISH TRANSLATION FOR THE
WORD "MI COCINA" IN THE MARK IS "MY
KITCHEN".

SER. NO. 75-047,114, FILED 1-23-1996.

HENRY S. ZAK, EXAMINING ATTORNEY

Page 1 of 2

Document Description: **Notice of Acceptance Acknowledgement**
Mail / Create Date: **23-Mar-2006**





## UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

REGISTRATION NO: 2315142      SERIAL NO: 75/047114      MAILING DATE: 03/23/2006
REGISTRATION DATE: 02/08/2000
MARK: MI COCINA
REGISTRATION OWNER: MI COCINA, LTD.

CORRESPONDENCE ADDRESS:

DIANE K. LETTELLEIR
WINSTEAD SECHREST & MINICK
P.O. BOX 50784
DALLAS, TX 75250-0784

# NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(1)

THE COMBINED AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF
SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# NOTICE OF ACKNOWLEDGEMENT
15 U.S.C. Sec. 1065

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION
15 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1065.

**ACCORDINGLY, THE SECTION 15 AFFIDAVIT IS ACKNOWLEDGED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
042.

HARPER, BARBARA A
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION
ORIGINAL

REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION

I) SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**

II) SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- ***General trademark information:*** *Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- ***Technical help:*** *For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- ***Questions about USPTO programs:*** *Please e-mail USPTO Contact Center (UCC).*

***NOTE:*** *Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

# EXHIBIT B

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 2,315,143

Registered Feb. 8, 2000

### SERVICE MARK
### PRINCIPAL REGISTER



MICO PRESTON FOREST LTD. (TEXAS LIMIT-
ED PARTNERSHIP)
11661 PRESTON ROAD, SUITE 138
DALLAS, TX 75230

FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CLS. 100 AND 101).

FIRST   USE   2-0-1993;   IN   COMMERCE
2-0-1993.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "COCINA" , APART FROM
THE MARK AS SHOWN.

THE ENGLISH TRANSLATION OF THE
WORD "MI COCINA" IN THE MARK IS "MY
KITCHEN."

SER. NO. 75-047,333, FILED 1-23-1996.

HENRY S. ZAK, EXAMINING ATTORNEY

Document Description: **Notice of Acceptance Acknowledgement**
   Mail / Create Date: **23-Mar-2006**



 **UNITED STATES PATENT AND TRADEMARK OFFICE**

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451
www.uspto.gov

REGISTRATION NO: 2315143    SERIAL NO: 75/047333    MAILING DATE:  03/23/2006
REGISTRATION DATE: 02/08/2000
MARK:   MI COCINA AND DESIGN
REGISTRATION OWNER:  MI COCINA, LTD.

CORRESPONDENCE ADDRESS:

DIANE K. LETTELLEIR
WINSTEAD SECHREST & MINICK
P.O. BOX 50784
DALLAS, TX 75250-0784

# NOTICE OF ACCEPTANCE
### 15 U.S.C. Sec. 1058(a)(1)

THE COMBINED AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.

*****************************************************

# NOTICE OF ACKNOWLEDGEMENT
### 15 U.S.C. Sec. 1065

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 15 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1065.

ACCORDINGLY, THE SECTION 15 AFFIDAVIT IS ACKNOWLEDGED.

*****************************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
042.

HARPER, BARBARA A
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION
ORIGINAL

**REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION**

**I) SECTION 8: AFFIDAVIT OF CONTINUED USE**

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**

**II) SECTION 9: APPLICATION FOR RENEWAL**

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page. [required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- *General trademark information:* Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.
- *Technical help:* For instructions on how to use TDR, or help in resolving **technical** glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.
- *Questions about USPTO programs:* Please e-mail USPTO Contact Center (UCC).

*NOTE: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*

Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

Reg. No. 2,315,144

## United States Patent and Trademark Office

Registered Feb. 8, 2000

### SERVICE MARK
### PRINCIPAL REGISTER

# *Mi Cocina*

MICO PRESTON FOREST LTD. (TEXAS LIMIT-
ED PARTNERSHIP)
11661 PRESTON ROAD, SUITE 138
DALLAS, TX 75230

FOR: RESTAURANT SERVICES, IN CLASS
42 (U.S. CLS. 100 AND 101).

FIRST   USE   3-0-1991;   IN   COMMERCE
3-0-1991.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "COCINA" , APART FROM
THE MARK AS SHOWN.

THE ENGLISH TRANSLATION OF THE
WORD "MI COCINA" IN THE MARK IS "MY
KITCHEN."

SER. NO. 75-047,335, FILED 1-23-1996.

HENRY S. ZAK, EXAMINING ATTORNEY

Document Description: **Notice of Acceptance Acknowledgement**
   Mail / Create Date: **23-Mar-2006**





## UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA 22313-1451
www.uspto.gov

REGISTRATION NO: 2315144    SERIAL NO: 75/047335    MAILING DATE: 03/23/2006
REGISTRATION DATE: 02/08/2000
MARK: MI COCINA
REGISTRATION OWNER: MI COCINA, LTD.

**CORRESPONDENCE ADDRESS:**

DIANE K. LETTELLEIR
WINSTEAD SECHREST & MINICK
P.O. BOX 50784
DALLAS, TX 75250-0784

# NOTICE OF ACCEPTANCE
15 U.S.C. Sec. 1058(a)(1)

THE COMBINED AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF
SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

*************************************************

# NOTICE OF ACKNOWLEDGEMENT
15 U.S.C. Sec. 1065

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION
15 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1065.

**ACCORDINGLY, THE SECTION 15 AFFIDAVIT IS ACKNOWLEDGED.**

*************************************************

THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):
042.

HARPER, BARBARA A
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
571-272-9500

PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION
CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION
ORIGINAL

REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION

I) SECTION 8: AFFIDAVIT OF CONTINUED USE

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**

II) SECTION 9: APPLICATION FOR RENEWAL

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE. IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

TDR Home

This document may be displayed as a PDF file containing images without text. You may view online or save the entire document by clicking on the file download icon in the upper right corner of this page.
[required PDF viewer]
FAQ: Are you seeing only the first page of this PDF document?

*If you need help:*

- *General trademark information: Please e-mail TrademarkAssistanceCenter@uspto.gov, or telephone either 571-272-9250 or 1-800-786-9199.*
- *Technical help: For instructions on how to use TDR, or help in resolving technical glitches, please e-mail TDR@uspto.gov. If outside of the normal business hours of the USPTO, please e-mail Electronic Business Support, or call 1-800-786-9199.*
- *Questions about USPTO programs: Please e-mail USPTO Contact Center (UCC).*

*NOTE: Within any e-mail, please include your telephone number so we can talk to you directly, if necessary. Also, include the relevant serial number or registration number, if existing.*